UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARTOLO TEJADA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the Social<br>Security Administration,<br><br>　　　　　　Defendant. | )  No. CV 05-264-PJW<br>)<br>)<br>)  MEMORANDUM OPINION AND ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

I.

INTRODUCTION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), challenging the decision by Defendant Social Security Administration ("the Agency") denying his claim for benefits. He seeks reversal of the Agency's decision and a remand for the calculation of benefits. Alternatively, he asks the Court to remand the case to the Agency for further proceedings. After reviewing the record and for the reasons discussed below, the Court concludes that Plaintiff is entitled to an award of benefits and remands the case to the Agency for a calculation of the amount.

II.

SUMMARY OF FACTS AND PROCEEDINGS

Plaintiff was, at the time of the most recent administrative hearing, 46 years old. He has a ninth-grade education and past relevant work as a construction worker. (Administrative Record ("AR") 168, 201.) Although he is able to understand and speak English, he cannot read or write English. (AR 34.)

In 1991, he applied for Disability Insurance Benefits ("DIB"), due to recurrent dislocations of his shoulder and degenerative osteoarthritis of his knee. The Agency determined that, in fact, Plaintiff was disabled as of December 18, 1990, and awarded him benefits. (AR 168-69, 254.) In 1997, the Agency sent him a letter confirming that he was still disabled and that his benefits would continue. (AR 291.)

On February 26, 1999, the Agency notified Plaintiff that his benefits would be terminated because it had determined that he was no longer disabled. (AR 260-61). When this decision was affirmed at the reconsideration level by a disability hearing officer, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 267-69, 270-90, 685-66.)

The ALJ held a hearing on July 3, 2001, and a supplemental hearing on May 22, 2002. (AR 58-85, 88-115.) On June 14, 2002, the ALJ issued a decision denying benefits. (AR 41-49.) On July 10, 2002, the ALJ vacated that decision. (AR 634-35.) On March 19, 2003, he held another supplemental hearing. (AR 118-67.) On April 30, 2003, he issued a new decision, again denying benefits. (AR 20-36.) Plaintiff requested that the Appeals Council review the ALJ's

decision, but that request was denied. Plaintiff then filed suit in this Court.

### III.

### ANALYSIS

Plaintiff contends that the ALJ made two errors in concluding that he was not disabled. The first error, according to Plaintiff, was when the ALJ determined that Plaintiff's medical condition had improved since the 1992 disability decision to such an extent that he was no longer disabled. Plaintiff argues that the ALJ should have compared Plaintiff's condition to his condition in 1997, the year the Agency sent him a letter confirming his entitlement to continued benefits. Plaintiff contends the ALJ erred a second time when he concluded that Plaintiff was not disabled under the Medical Vocational Guidelines (or "Grids") as of the date he was last insured, March 2000. Plaintiff argues that he was insured through 2004 and, therefore, as of his 45th birthday, in December 2001, he was disabled under the Grids.

For the reasons set forth below, the Court concludes that the ALJ erred in determining that Plaintiff was only insured until March 2000, instead of March 2004, and, as a result, the ALJ's decision that Plaintiff was not disabled under the Grids was erroneous. As to Plaintiff's claim that the ALJ erred by using the 1992 decision as the comparison point, that claim is rejected.

1. <u>Standard of Review</u>

The Court may overturn the ALJ's decision that a claimant is not entitled to benefits only if the decision is not supported by substantial evidence or is based on legal error. *Difford v. Sec'y of Health and Human Servcs.*, 910 F.2d 1316, 1318 (6th Cir. 1991); 42

3

U.S.C.A. § 423(f); *see Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir. 1989).  Substantial evidence "'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consol. Edison Co. V. NLRB*, 305 U.S. 197, 229 (1938).)  It is "more than a mere scintilla but less than a preponderance," *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

"The Court must uphold the ALJ's conclusion even if the evidence in the record is susceptible to more than one rational interpretation." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  Indeed, if the record evidence can reasonably support either affirming or reversing the Agency's decision, the Court must not substitute its judgment for that of the ALJ.  *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the ALJ committed error but the error was harmless, reversal is not required.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)(applying harmless error standard).

    2.    <u>Plaintiff is Disabled Under Grid Rule 201.17</u>

In his April 2003 decision denying benefits, the ALJ determined that Plaintiff was not disabled under Grid Rule 201.17.  Plaintiff contends that this determination was based on the ALJ's erroneous conclusion that Plaintiff's "date last insured" or "DLI" was March 31, 2000.  According to Plaintiff, had the ALJ used the proper DLI of March 31, 2004, he would have concluded that Plaintiff was *per se* disabled.  For the following reason, the Court agrees with Plaintiff.

Under Grid Rule 201.17, a claimant is *per se* disabled if he is between the ages of 45 and 49 on his DLI, has an unskilled background,

4

is illiterate, and is limited to sedentary work.  Where the Grids direct a finding of "disabled," the Agency is bound by that finding. *Cooper v. Sullivan*, 880 F.2d 1152, 1157 (9th Cir. 1989)("[W]here application of the grids directs a finding of disability, that finding must be accepted by the Secretary.").

Plaintiff is illiterate,[1] has an unskilled background, and is limited to sedentary work.  (AR 34.)  The issue in this case is was he insured on December 25, 2001, the day he turned 45 years old.  If he was, he is disabled.  If he was not, he is not.  This determination turns on calculating the proper date last insured.  The Agency's computer printout provides that Plaintiff's date last insured was March 31, 2000.  (AR 628.)  This is the date the ALJ used in his decision.  (AR 35.)  But, as set forth below, it appears the computer printout is wrong.  As a result, so, too, is the ALJ's decision denying benefits.

The Agency uses several formulas to determine a claimant's date last insured.  The formula that applies to Plaintiff's case is referred to as the "20/40" rule.  Under this rule, a claimant must have been insured for 20 of the last 40 quarters before he becomes disabled and must have been insured for a total of 40 quarters in his lifetime to be eligible for benefits.  20 C.F.R. §§ 404.115 and 404.130(b)(1).  According to the Agency, Plaintiff has been insured for 79 total quarters.  (AR 628.)  Thus, the only issue is what was the last date Plaintiff was insured for 20 of the preceding 40

---

[1] "Illiterate" means illiterate in English, since literacy in other languages does not generally affect a claimant's ability to work.  *Chavez v. Dep't Health and Human Services*, 103 F.3d 849, 852 (9th Cir. 1996).

quarters.  This question can be tricky because the Agency does not consider as part of the 40 quarters any quarter during a period of disability, unless it inures to a claimant's benefit to do so.  20 C.F.R. § 404.130(f).  In this case, including the quarters during Plaintiff's prior period of disability would not help Plaintiff, so they are not considered.  Excluding these quarters (December 1990 to February 1999), Plaintiff's date last insured would be March 31, 2004. This is because Plaintiff was insured for 20 consecutive quarters prior to his disability date of December 1990.  (AR 630-31.) Excluding the nine years that followed, to February 1999, Plaintiff remained insured for 20 quarters (or five years) beyond that, i.e., March 31, 2004.  Using the March 2004 date as the DLI, it is clear that Plaintiff was insured in December 2001, when he turned 45, and he is *per se* disabled under Grid Rule 201.17 as of that date.[2]

The Agency raises two challenges to the Court's conclusion that Plaintiff is disabled under Grid Rule 201.17.  First, it argues that the ALJ did not conclude that Plaintiff was limited to sedentary work and, as a result, Plaintiff is not automatically disabled under the Grids.  The Agency contends that the ALJ concluded that Plaintiff was limited to light work, or maybe somewhere in between light work and sedentary work, and remand is required for further clarification by the ALJ.  The Court rejects this contention.  The ALJ found that Plaintiff was limited to sedentary work.  He said so in his decision:

---

[2] At oral argument on the summary judgment motion, the Agency conceded that the DLI was March 31, 2004, and that the ALJ had erred in concluding that it was March 31, 2000.

1     Based upon his RFC, he is capable of performing a significant
2     range of sedentary work as defined in 20 CFR § 404.1567.
3 (AR 34.)
4     Later, the ALJ summarized:
5     Although the claimant's exertional limitations do not allow him
6     to perform a full range of sedentary work, . . . , there are a
7     significant number of jobs in the national economy that he could
8     perform.
9 (AR 36.)  The ALJ then went on to list two sedentary jobs that
10 Plaintiff could perform.  Though other statements by the ALJ in his
11 decision could be interpreted to mean that the ALJ was concluding that
12 Plaintiff could perform light work, or at least a limited amount of
13 light work, the clearest indication he provided, as set out above, was
14 that he was concluding that Plaintiff was limited to sedentary work.
15 Based on these clear indications, the Court concludes that the ALJ
16 found that Plaintiff was limited to sedentary work.

17     The Agency also argues that the ALJ should not have reached the
18 issue of whether Plaintiff was disabled at any time after February
19 1999, when the Agency first decided that Plaintiff was no longer
20 disabled and, therefore, the Court should not review the ALJ's
21 decision in this regard.  Citing Social Security Ruling 92-26, it
22 contends that the ALJ's consideration of Plaintiff's disability status
23 after February 1999 exceeded his authority and should not have been
24 discussed.

25     The Court is not at liberty to uphold an ALJ's decision on any
26 basis not contained within the four corners of the ALJ's decision.
27 *See e.g. Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)("We
28 are constrained to review the reasons the ALJ asserts.  It was error

for the district court to affirm the ALJ's credibility decision based on evidence the ALJ did not discuss.") (citations omitted).  The ALJ did not address SSR 92-26 or the fact that he did not have authority to consider Plaintiff's claim after February 1999, and this Court will not affirm the ALJ's decision for a reason not considered by the ALJ.

Having concluded that Plaintiff was disabled as of December 25, 2001, the Court turns now to the appropriate remedy.  The Court has the discretion to remand this case to the Agency for further proceedings consistent with this opinion or to reverse the decision and remand solely for the calculation of and award of benefits.  Where no further proceedings are necessary and the record is complete, reversal for an award of benefits is appropriate.  *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).  Clearly, the record is complete in this case.  Plaintiff has undergone multiple consultative examinations, and two medical advisors and a vocational expert have been called to testify in the three administrative hearings related to this reconsideration.  For this reason, the Court concludes that further administrative proceedings would not be helpful and remands the case to the Agency to calculate the benefits due to Plaintiff.

3. The ALJ's Finding That Plaintiff's Condition Had Improved Was Not Erroneous

Plaintiff also contends that the ALJ erred when he determined that Plaintiff's condition had improved significantly enough since 1992 (the date of the first ALJ's decision) that Plaintiff was no longer disabled in 1999.  Plaintiff argues that the date the ALJ should have focused on was April 2, 1997, the date the Agency determined that Plaintiff was still disabled and sent him a letter

saying so.  The Agency counters that the correct point of comparison was the 1992 decision finding Plaintiff disabled.  According to the Agency, the 1997 letter was not a medical review and, therefore, does not count.  For the following reasons, the Court rejects Plaintiff's claims of error in this regard.

After the Agency determines that a claimant is disabled, it conducts periodic reviews of his case to determine whether he is still entitled to benefits.  It appears from this record that there are two types of reviews conducted by the Agency.  The first, like the one performed in Plaintiff's case in 1997, is a work-related review in which the Agency determines whether Plaintiff is ineligible for benefits based on a resumption of work.  The second appears to be a medical review, like the one conducted in Plaintiff's case in 1999, in which the Agency determines whether a claimant's medical condition has improved to the point that he can go back to work.  In conducting a medical review, the Agency compares the claimant's current condition with his condition at the time of the prior Agency decision finding him disabled.  42 U.S.C. § 423(f)(3).

Plaintiff argues that the April 2, 1997 letter informing him he was still eligible for disability benefits was a medical review and should be used as the comparison point.[3]  The Agency counters that the right comparison point was the 1992 decision.  Ultimately, the Court concludes that it need not resolve this issue directly.  Plaintiff's main concern with the ALJ using the earlier decision for comparison is

---

[3] Plaintiff cites *McNabb v. Barnhart*, 340 F.3d 943 (9th Cir. 2003), in support of his argument that the 1997 letter was the proper comparison point.  *McNabb* does not provide this Court with any guidance as to what decision the Agency should use when comparing Plaintiff's present condition with his prior condition.

9

that it excluded Plaintiff's heart problems, which came to light in 1997.  Plaintiff seems to argue that, if the ALJ had used the 1997 letter as the comparison point, Plaintiff's heart problems would have been incorporated into the ALJ's analysis of Plaintiff's condition in 1997 and the ALJ would have had to conclude that he was still disabled in 2003 because his heart condition had not improved during the intervening years.  This argument, however, is not supported by the facts.  Plaintiff suffered a heart attack in July 1997, and additional complications thereafter.  The April 1997 review by the Agency could not have included Plaintiff's July 1997 heart problems.  As such, whether the ALJ used the prior ALJ's 1992 decision or the Agency's 1997 letter as the
comparison point, Plaintiff's heart problems would not have been part of the comparison.

Further, and importantly, it is clear from the ALJ's 2003 decision that he *did* consider Plaintiff's heart attack in July 1997 and the treatment that followed and concluded that Plaintiff's heart condition did not render him disabled.  This conclusion was based on substantial evidence and will not be disturbed by the Court.  *See Magallanes,* 881 F.2d at 750.

III.

CONCLUSION

For all the foregoing reasons, the Court hereby REVERSES the Agency's decision and REMANDS the case to the Agency for calculation

of benefits for a new period of disability commencing December 25, 2001.

IT IS SO ORDERED.

Dated:     September __19__, 2006.


                                        _____/s/_____
                                        PATRICK J. WALSH
                                        UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\TEJADA, B 264\Memo Opinion_Ord.wpd